1815.

Cockey
vs
Smith.

fact had happened after the last continuance, and the conclusion of the plea is different from the present. They contended, 1. That every plea of *puis darrein continuance* must be verified by affidavit. *Martin vs. Wyvill*, 1 *Stra.* 493. 2. That this plea was not pleaded as a plea *puis darrein continuance*, because in conclusion it strikes at the action itself, and not at its further continuance. 3. That in a plea of *puis darrein continuance*, the fact pleaded must have happened since the last continuance. They referred to 5 *Bac. Ab.* tit. *Pleas & Pleadings*, (Q) 477. 2 *Lill. Pr. Reg.* 326. That here the fact happened at October term 1797, and was pleaded at May term 1798. That this was a plea under the statute of *Ann*, and could be added at any time without leave of the court. They cited 5 *Com. Dig.* tit. *Pleader*, 68, 223. *Ryley vs. Parhurst*, 1 *Wils.* 219. *Waters vs. Bovell, Ibid* 223.

*Harper*, for the Appellee, contended, that the statute of *Ann* does not give the defendant leave to plead a second or other plea, after he has selected his defence. That after issue was joined he could plead only *puis darrein continuance*. He cited 5 *Bac. Ab.* tit. *Pleas*, &c. 121. He also contended, that although the plea was not in all its form in the nature of a plea *puis darrein continuance*, yet it was in substance such a plea. It was once so considered by the defendant's counsel, and when the demurrer was ruled good, they applied for leave to plead the general issue. This they would not have applied for if they had considered there was an outstanding plea subsisting in the case. That it is a plea *puis darrein continuance*, he referred to *Bull. N. P.* 309. *Barber vs. Palmer*, 1 *Salk.* 178. *Anonymous, Cro. Eliz.* 49. 3 *Blk. Com.* 316. 1 *Chitty's Plead.* 436, and 2 *Chitty's Plead.* 676, 677.

By consent of the parties, who entered into terms,

JUDGMENT REVERSED.

————————

May.

COCKEY, et al. Lessee vs. SMITH.

The defendant in an action of ejectment, having read in evidence a grant of the land in dispute to M G in 1708, proved that T F was in possession of part of the land from 1765 to the time of his death, and that those claiming under him had been in possession ever since, and that the defendant was the only heir of T. F. He then, without showing any title or possession in J C, offered to read in evidence a deed for said land from J C to T F in 1765, for the purpose of proving in what manner and at what time T F came into possession of the land. *Held*, that for such a purpose the deed might be read in evidence.

APPEAL from *Baltimore* County Court, from a judgment obtained by the defendant in that court, (now appellee,)

in an action of ejectment to recover a tract of land called *Franklin's Neglect and Cockey's Discovery*. Defence was taken on warrant, and plots were made. The plaintiff at the trial read in evidence a patent for *Franklin's Neglect and Cockey's Discovery*, granted to *John Cockey* the 23d of April 1693. And gave in evidence, that the same was truly located by him on the plots. It was admitted, that since the institution of this suit *John Cockey*, the patentee, died, and that the parties made since his death, were his devisees and legal representatives. The defendant then read in evidence two patents, one for *Gibson's Forest*, granted to *Miles Gibson* the 3d of April 1708, and the other for *Warner's Chance*, granted to *John Warner* the 4th of March 1711. And proved that she had truly located these tracts on the plots. She further gave in evidence, that *Thomas Franklin* was possessed of part of these lands from about the year 1765, until the time of his death, and that those claiming under him had been in possession of them until the present time; and that she the defendant was the only heir and representative of said *Franklin*. The defendant then, without having produced or offered any evidence that *John Clarke* had derived any title from the alleged patentees of *Gibson's Forest* and *Warner's Chance*, or that *Clarke* ever had been in possession of said two tracts of land, or any part thereof, offered to read in evidence a deed from *Clarke* to *Franklin* for the said two tracts of land, dated the 2d of August 1765, for the purpose of proving in what manner and at what time *Franklin* came into possession of said lands. To the reading this deed in evidence the plaintiff objected. And the Court, [*Nicholson*, Ch. J.] overruled the objection, and permitted the deed to be given in evidence for the purposes aforesaid. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, EARLE, JOHNSON, and MARTIN, J. by

*Winder*, for the Appellant; and by
*Kolmes*, for the Appellee.

JUDGMENT AFFIRMED.